**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4573**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

IZELL DELOREAN GRISSETT, JR., a/k/a Buddy,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.    Joseph F. Anderson, Jr., Senior
District Judge.   (3:13-cr-00134-JFA-2)

———————————

Submitted:  March 27, 2015          Decided:  April 13, 2015

———————————

Before KEENAN and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David Bruce Betts, Columbia, South Carolina, for Appellant.
Nancy Chastain Wicker, William Kenneth Witherspoon, Assistant
United States Attorneys, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Izell Delorean Grissett, Jr., was charged in five counts of a seven-count indictment with: (1) conspiracy to distribute and distribution of 5 kilograms or more of cocaine and 280 grams or more of crack cocaine, 21 U.S.C. §§ 841(a)(1), 846 (2012) (Count One); (2) Hobbs Act robbery, 18 U.S.C. § 1951 (2012) (Count Four); (3) using and carrying a firearm during and in relation to a drug trafficking crime and a crime of violence, 18 U.S.C. § 924(c) (2012) (Count Five); (4) being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g) (2012) (Count Six); and (5) possession with intent to distribute 500 grams or more of cocaine and a quantity of crack cocaine, 21 U.S.C. § 841(a)(1) (2012) (Count Seven). The jury found Grissett guilty on all counts; he was sentenced to life plus ten years' imprisonment. Grissett noted a timely appeal.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the district court erred in denying Grissett's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. Grissett has filed a pro se supplemental brief raising two additional issues: (1) the district court erred when it issued a modified Allen charge to the jury; and (2) the district court erred in applying the murder cross-reference at sentencing.

This court reviews de novo the district court's denial of a motion for judgment of acquittal. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). The test is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009) (internal quotation marks omitted). An appellate court "may not weigh the evidence or review the credibility of witnesses. . . . [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

With these standards in mind, we have reviewed the record and find that the evidence presented was sufficient to support a conviction as to each of the counts with which Grissett was charged. Testimony established that Grissett was part of a long-term cocaine and crack cocaine distribution operation in

the Columbia, South Carolina area. According to witnesses, Grissett and his co-conspirator planned and carried out a robbery of one of their suppliers in June 2010, during which Grissett shot and killed Hector Carrion. Based on this evidence, we find that the district court did not err in denying Grissett's motion for judgment of acquittal.

Turning to Grissett's pro se claims, he first argues that the district court erred in issuing a modified Allen charge that eliminated any mention of the words "minority" or "majority" with regard to the jurors' votes. The modification was agreed upon by both parties because the jurors had mistakenly indicated their split in the votes in their message to the judge. "An Allen charge, based on the Supreme Court's decision in Allen v. United States, 164 U.S. 492 (1896), is '[a]n instruction advising deadlocked jurors to have deference to each other's views, that they should listen, with a disposition to be convinced, to each other's argument.'" United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995) (quoting United States v. Seeright, 978 F.2d 842, 845 n.* (4th Cir. 1992)). We review the content of an Allen charge for abuse of discretion. United States v. Burgos, 55 F.3d at 935. An "Allen charge must not coerce the jury, and it must be fair, neutral and balanced." United States v. Cropp, 127 F.3d 354, 359 (4th Cir. 1997) (internal citations omitted). We conclude that the district

court's charge was not coercive nor can Grissett show that he suffered any prejudice as a result. Finally, Grissett challenges the application of the murder cross-reference at sentencing. The advisory Sentencing Guidelines provide that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder) . . . if the resulting offense level is greater than that determined under this guideline." U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) (2013). The Government must prove the facts underlying a cross-reference by a preponderance of the evidence. United States v. Davis, 679 F.3d 177, 182 (4th Cir. 2012). We find that the testimony established that the killing of Hector Carrion constituted first degree murder within the meaning of 18 U.S.C. § 1111. Also, because the application of § 2D1.1(d)(1) did not increase Grissett's mandatory minimum sentence, his reliance on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013) is misplaced.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order. This court requires that counsel inform Grissett, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Grissett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Grissett.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>