IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION NO.:3:13-134 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| IZELL GRISSETT | ) | |
| | ) | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF SUMMARY JUDGMENT**

The Government submits this supplemental memorandum in support of its motion for summary judgment.[1]  The district court has ordered the parties to file any response based upon the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) and the Fourth Circuit decision in *United States v. Simms,* 914 F.3d 229 (4th Cir. 2019).   In both cases, the Courts decided that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.   Therefore, a conviction under 18 U.S.C. § 924(c)(3)(B) could not be supported by a conviction for conspiracy to commit a Hobbs Act robbery.  However, that is not the case here.

Count 5 of the Indictment in this case charged Grissett and Mobley with discharging a firearm during and in relation to a drug trafficking crime or a "crime of violence", in violation of 18 U.S.C. § 924(c).  This incident happened as a result of Grissett and Mobley robbing their drug supplier on June 23, 2010 and killing a person as a result of the robbery.   Because Grissett's § 924(c) conviction was based upon his conviction

---

[1] The Government incorporates, herein,  by reference its prior filed motion in support of summary judgment filed in opposition to Grissett's motion pursuant to 28 U.S.C. § 2255 (ECF No. 178) and its reply in opposition to defendant's response to motion to dismiss, (ECF No. 185).

for a Hobbs Act robbery under the force clause of 18 U.S.C. § 924(c)(3)(A) and not a

conviction under the residual clause of 18 U.S.C. § 924(c)(3)(B), neither *Davis* nor *Simms*

is applicable.  See, Count 4 of the Indictment.  ECF No. 2.  Every appellate court and

district court to address this issue has found that a Hobbs Act robbery is a "crime of

violence" under the force clause of 924(c)(3)(A).[2]  The Fourth Circuit Court of Appeals on

---

[2] *See, e.g., United States v. St. Hubert*, 883 F.3d 1319 (11th Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-956 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Hill*, 832 F.3d 135, 138-43 (2d. Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Howard*, 650 Fed.Appx. 466, 467-68 (9th Cir. 2016); *United States v. Gleaton*, 3:18-cr-00006-TLW, ECF 39 (D.S.C. pending judgment); *United States v. Wilson*, 3:17-cr-00138-TLW, ECF 155 (D.S.C. March 14, 2018); *Camacho v. United States*, 2018 WL 889456 (S.D. Fl. Jan. 22, 2018); *United States v. Figueroa*, 2017 WL 3412526 (S.D. Ca August 9, 2017); *United States v. Dorsey*, 2017 WL 3159981 (C.D. Ca July 24, 2017); *United States v. Taylor*, 2017 WL 303463 (W.D. Va July 17, 2017); *United States v. Philpot*, 2016 WL 7404440 (N.D.); *Jones v. United States*, 2016 WL 3476429, 2016 U.S. Dist. LEXIS 80357 (S.D. Ga. June 21, 2016); *United States v. Bailey*, 2016 WL 11129881, 2016 U.S. Dist. LEXIS 75556 (C.D. Cal. June 8, 2016); *United States v. Ledbetter*, 2016 WL 3180872, 2016 U.S. Dist. LEXIS 74610 (S.D. Ohio June 8, 2016); *United States v. Baires-Reyes*, 191 F.Supp.3d 1046, 2016 WL 3163049, 2016 U.S. Dist. LEXIS 74192 (N.D. Cal. June 7, 2016); *United States v. McCallister*, 2016 WL 3072237, 2016 U.S. Dist. LEXIS 70513 (D.D.C. May 31, 2016); *United States v. Castillo*, 2016 WL 10267677, 2016 U.S. Dist. LEXIS 58265 (D.N.M. May 2, 2016); *United States v. Luong*, 2016 WL 1588495, 2016 U.S. Dist. LEXIS 53151 (E.D. Cal. April 20, 2016); *United States v. Johnson*, 2016 WL 2743506, 2016 U.S. Dist. LEXIS 62364 (D. Nev. May 11, 2016); *United States v. Smith*, 215 F.Supp.3d 1026, 2016 WL 2901661, 2016 U.S. Dist. LEXIS 65543 (D. Nev. May 18, 2016); *United States v. Coleman*, 2016 WL 1435696, 2016 U.S. Dist. LEXIS 48887 (N.D. Ill. April 12, 2016); *United States v. Moore*, 2016 WL 2591874, 2016 U.S. Dist. LEXIS 59869 (E.D. Mich. May 5, 2016); *United States v. Reed*, 187 F.Supp.3d 743, 2016 WL 2892055, 2016 U.S. Dist. LEXIS 64894 (W.D. La. May 16, 2016); *United States v. Williams*, 179 F.Supp.3d 141, 2016 WL 1555696, 2016 US Dist. LEXIS 50686 (D. Me. April 15, 2016); *United States v. Brownlow*, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015); *United States v. Clarke*, 2016 WL 1110306, 171 F.Supp.3d 449 (D. Md., March 22, 2016); *United States v. Hancock*, 2016 WL 899239, 168 F.Supp.3d 817 (D. Md., March 2, 2016); *United States v. Melgar-Cabrera*, 2015 WL 13659467, 2015 U.S. Dist. LEXIS 145226 (D.N.M. Aug. 25, 2015); *United States v. Anglin*, 2015 U.S. Dist. LEXIS 151027 (E.D. Wis. Nov. 6, 2015); *United States v. Tsarnaev*, 157 F.Supp.3d 57, 2016 WL 184389, at *15–16, 2016 U.S. Dist. LEXIS 5428. at *55-56 (D. Mass. Jan. 15, 2016); *United States v.*

July 31, 2019, in *United States v. Mathis*, No. 16-4633 (4th Cir. July 31, 2019), specifically held

that a Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).

*Mathis,* No. 16-4633 at *37.

Therefore, neither *Davis* nor *Simms* is applicable here. Moreover, since the §

924(c) conviction was based upon both the Hobbs Act robbery and a drug trafficking

crime, either would support the conviction for the § 924(c) conviction.

---

*Pena*, 161 F.Supp.3d 268, 2016 WL 690746, 2016 U.S. Dist. LEXIS 18329 (S.D.N.Y. Feb. 11, 2016); *Hallman v. United States*, 2016 WL 593817, 2016 U.S. Dist. LEXIS 17608 (W.D.N.C. Feb. 12, 2016); *Brown v. United States*, 163 F.Supp.3d 315, 2016 WL 787450, 2016 U.S. Dist. LEXIS 19682 (E.D. Va. Feb. 9, 2016); *United States v. Bennett*, 2016 WL 354753, 2016 U.S. Dist. LEXIS 9934 (E.D. Va. Jan. 27, 2016); *United States v. Green*, 2016 WL 9778564, 2016 U.S. Dist. LEXIS 7437 (D. Md. Jan. 21, 2016); *United States v. Walker*, 2016 WL 153088, 2016 U.S. Dist. LEXIS 3947 (E.D. Va. Jan. 12, 2016); *United States v. Wilson*, 2015 WL 8570614, 2015 U.S. Dist. LEXIS 175861 (E.D. Va. Dec. 8, 2015); *United States v. McDaniels*, 147 F.Supp.3d 427, 2015 WL 7455539, 2015 U.S. Dist. LEXIS 158209 (E.D. Va. Nov. 23, 2015); *United States v. West*, 2015 WL 9646457, 2015 U.S. Dist. LEXIS 173884 (E.D.N.C. Nov. 10, 2015); *United States v. Merinord*, 2015 WL 11018990, 2015 U.S. Dist. LEXIS 145009 (E.D.N.C. Oct. 23, 2015); *United States v. Hunter*, 2015 WL 6394492, 2015 U.S. Dist. LEXIS 14493 (E.D. Va. Oct. 23, 2015); *United States v. Evans*, 2015 WL 9920226, 2015 U.S. Dist. LEXIS 142477 (E.D.N.C. Oct. 20, 2015); *United States v. Redmond*, 2015 U.S. Dist. LEXIS 139231 (Oct. 13, 2015); *United States v. Standberry*, 2015 U.S. Dist. LEXIS 138355 (E.D. Va. Oct. 8, 2015); *United States v. Mackie*, 2015 U.S. Dist. LEXIS 132670 (W.D.N.C. Sept. 30, 2015); *United States v. Morgan*, 2015 WL 9463975, 2015 U.S. Dist. LEXIS 174350 (E.D. Mich. Dec. 18, 2015); *United States v. Wheeler*, 2016 WL 799250, 2016 U.S. Dist. LEXIS 24541 (E.D. Wis. Feb. 29, 2016); *United States v. Crawford*, 2016 WL 320116, 2016 U.S. Dist. LEXIS 9362 (N.D. Indiana Jan. 27, 2016); *United States v. Wells*, 2015 WL 10352877, 2015 U.S. Dist. LEXIS 176332 (D. Nev. Dec. 30, 2015); *United States v. Wright*, 2015 WL 9958034, 2015 U.S. Dist. LEXIS 175787 (D. Nev. Dec. 25, 2015); *United States v. Vanderhorst*, No. 4:17-CR-00865-RBH-1, 2018 WL 2462873, at *2 (D.S.C. May 31, 2018); *United States v. Tisdale*, 2019 WL 3237987 (D.S.C. July 19, 2019); *United States v. Hayes*, 2019 WL 3206153 (D.S.C. July 16, 2019*); United States v. Tisdale*, 2019 WL 3237987 (D.S.C. July 18, 2019).

## **CONCLUSION**

Therefore, based on the foregoing arguments and established law, the Government respectfully submits that this Court should deny Grissett's § 2255 Motion and grant the Government's motion for summary judgment.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

By: s/William K. Witherspoon
William K. Witherspoon (Fed. ID #5945)
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

August 2, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION NO.:3:13-134 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| IZELL GRISSETT | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee in the Office of the United States Attorney for the

District of South Carolina, and on August 2, 2019, I caused to be served one true and correct

copy of the GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY

JUDGMENT, in the above-captioned case, via the court's e-noticing system, but if that means

failed, then by regular mail, on the following person(s):


Izell Delorean Grissett, Jr.
Inmate No. 25101-171
Florence-High USP
5880 HWY 67 S
Florence, CO  81226

s/William K. Witherspoon
WILLIAM K. WITHERSPOON (#05945)
ASSISTANT UNITED STATES ATTORNEY