UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR NO. 3:13-134-JFA |
| | ) | |
| v. | ) | ORDER ON |
| | ) | § 2255 PETITION |
| IZELL DELOREAN GRISSETT | ) | |
| _____ | ) | |

This matter is before the court upon defendant's *pro se*[1] motion and amended motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 and in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 135 S. Ct. 2551 (2015) and other recently decided cases. Here, the defendant challenges his convictions under 18 U.S.C. § 924(c). He also raises various other errors involving his conviction and sentence. The matters have been briefed and are ripe for review. For the reasons discussed below, the court finds that the grounds asserted by the defendant in his § 2255 motion are without merit, and that the government's motion to dismiss should be granted.[2]

I.  INTRODUCTION

While the defendant's 2255 motion was before this court, several cases were pending or became ripe in the Fourth Circuit Court of Appeals and the Supreme Court that had the potential to impact whether certain crimes qualify as a "crime of violence." Thus, motions

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[2] In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

1

presenting this and other related issues were stayed awaiting a decision on the various cases under review.

By way of background, the Supreme Court in *Johnson* held unconstitutionally vague the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") and reversed the defendant's sentence that was increased as a result of the ACCA enhancement. Thereafter, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that its 2015 decision in *Johnson* applies retroactively to cases on collateral review.

Then, in the case of *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court decided that the advisory sentencing guidelines are not subject to constitutional challenge under the void-for-vagueness doctrine.

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court held that the residual clause in 18 U.S.C. § 16 (which defines a "crime of violence" and is incorporated by reference in the Immigration and Nationality Act's mandatory removal provisions) is void for vagueness. The Court concluded that the residual clause of § 16 possessed the same flaws as the ACCA's residual clause, which the Court invalidated in *Johnson* in 2015.

This court then held in further abeyance the defendant's § 2255 motion until the Fourth Circuit issued a decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). The *Simms* case was decided en banc on January 24, 2019, wherein the court ruled that the residual clause found in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The Fourth Circuit then stayed the issuance of its mandate in the *Simms* case pending a decision by the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019).

On June 24, 2019, the Supreme Court ruled in *Davis* that the substantial risk of force clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, reaching the same conclusion as the Fourth Circuit in the *Simms* case. Thus, a conviction under § 924(c)(3)(B) could not be supported by a conviction for conspiracy to commit a Hobbs Act robbery. However, a conviction for Hobbs Act robbery under the force clause of § 924(c)(3)(A) categorically remains a crime of violence.

In addition, the Fourth Circuit decided the case of *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), holding that Hobbs Act robbery is a violent felony and satisfies the force elements clause of § 924(c)(3)(A) so that this clause remains constitutional.

Finally, the Supreme Court recently decided that Florida robbery—requiring use of force sufficient to overcome a victim's resistance, even if that force is "slight"—categorically qualifies as a predicate offense under § 924(e), as overcoming resistance is inherently "violent." *Stokeling v. United States*, 586 U.S. ___, 139 S.Ct. 533, 553 (2019).

II.     APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a

3

basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990). A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974).

Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default. *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, (1986).

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . . 18 U.S.C. § 924(c)(1)(A). If the firearm is brandished, the defendant shall be sentenced to a consecutive term of imprisonment of not less than 7 years, and if discharged, not less than 10 years. *Id* at (ii)–(iii).

The statute defines a "crime of violence" as: an offense that is a felony and — (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3).

A "drug trafficking crime" for purposes of § 924(c) means "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq*.), or Chapter 705 of Title 46." 18 U.S.C. § 924(c)(2).

The Hobbs Act, 18 U.S.C. § 1951, prohibits obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce by robbery. It defines robbery as "the unlawful taking or obtaining of personal property from a person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." *Id*. Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) (holding that a Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)). Virtually every appellate court and district court to address this issue has found that Hobbs Act robbery is a "crime of violence" under the force clause of § 924(c). Likewise, attempted Hobbs Act robbery constitutes a "crime of violence" under the force clause of § 924(c)(3)(A). *See United States v. Brown*, 2019 WL 3451306, *3 (E.D.VA July 30, 2019)("Like completed

5

Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes "attempted use" of force.")(*quoting United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018)).

Although the Supreme Court found that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, the force (or elements) clause of § 924(c)(3)(A) remains a violent felony and can serve as a predicate for a § 924(c) conviction. A court must look to the substantive Hobbs Act robbery conviction as it relates to the §924(c) count.

III.  PROCEDURAL BACKGROUND

On February 7, 2014, the defendant was found guilty by a jury of the following:

Count 1:  conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846;

Count 4:  Hobbs Act robbery, aiding and abetting, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2;

Count 5:  discharging a firearm during and in relation to a drug trafficking crime or a crime of violence, in violation of 18 U.S.C. § 924(c)(1);

Count 6:  felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Count 7:  possession with intent to distribute 500 grams or more of cocaine, and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 18 U.S.C. § 2.

The Presentence Report ("PSR") prepared by the United States Probation Office determined the defendant's offense level was 45. The defendant's criminal history category was IV, resulting in a Guidelines range of Life. The court found that the murder cross reference in U.S.S.G. § 2D1.1(d)(1) applied.

On July 9, 2014, the court sentenced the defendant to Life imprisonment on Count 1 (drug conspiracy); 240 months on Count 4 (Hobbs Act robbery); 120 months on Count 6 (felon in possession); 480 months on Count 7 (possession with intent to distribute cocaine and crack), all to run concurrently; and 120 months consecutive on Count 5 (§ 924(c)). The defendant was not subject to an enhancement under 21 U.S.C. § 851, nor was he sentenced under the ACCA.

Thereafter, the defendant filed a notice of appeal and the Fourth Circuit Court of Appeals affirmed the defendant's conviction. *See United States v. Grissett*, 606 Fed. Appx. 717 (4th Cir. 215). The defendant did not file a petition for writ of certiorari with the United States Supreme Court.

IV.    DISCUSSION

*The Defendant's § 2255 Motion*

On July 21, 2016, the defendant filed his first *pro se* motion pursuant to 28 U.S.C. § 2255, raising four Grounds for relief. In Grounds 1, 2, and 4, the defendant argues that he should not have been sentenced in Count 1 to the murder cross reference because to do so required the judge to find facts that the jury had not found, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also challenges his sentences on Counts 4 and 7 under *Apprendi*. In Ground 3, the defendant argues, as it relates to his conviction on Count 5— § 924(c)(1)(A)(iii)—that Hobbs Act robbery is no longer a crime of violence after *Johnson*.

The defendant also raises various other claims in his supplemental briefs.

*The Government's Motion to Dismiss*

As to the defendant's *Apprendi* claims relating to Counts 1, 4, and 7, the government asserts that these claims have been litigated on appeal and are procedurally defaulted. In a § 2255 proceeding, a petitioner cannot "recast, under the guise of a collateral attack, questions fully considered" on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). The law of the case doctrine forecloses relitigation of issues expressly or impliedly decided by the appellate court. *United States v. Bell*, 5 Fed. 3d 64, 66 (4th Cir. 1993). The government submits that the defendant is barred from raising any further sentencing errors under § 2255 unless he can show cause for his failure to raise such claims, or show actual prejudice stemming from the alleged constitutional error, or he can demonstrate actual innocence. *United States v. Frady*, 456 U.S. 152, 167 (1982). The procedural default doctrine reflects the "general rule" that "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "It is well established that where an appeal was taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those that could have been presented but were not are deemed waived." *Teague v. Lane*, 489 U.S. 288, 297, (1989) (internal citation and quotation omitted). *See also, Bousley v. United States*, 523 U.S. 614, 621, (1998) (habeas review is an "extraordinary remedy" and is not a proper substitute for an appeal). The defendant is barred from raising the defaulted claims in a federal habeas corpus proceeding unless he can show cause for the default and prejudice resulting therefrom. *Teague*, 489 U.S. at 298. The defendant does not attempt to show cause for his default, and he cannot show prejudice. "Actual prejudice" requires more than the mere possibility of prejudice; it requires a showing that the alleged error "worked to [defendant's]

8

actual and substantial disadvantage." *Frady*, 456 U.S. at 170.

In its supplemental response in support of its motion to dismiss (ECF No. 203), the government asserts that in addition to *Johnson*, the recent decisions in *Simms* and *Davis* do not invalidate the defendant's conviction for Hobbs Act robbery, and thus his § 2255 motion is without merit.

The government notes that Count 5 of the Indictment charged the defendant and a co-defendant with discharging a firearm during and in relation to a drug trafficking crime or a crime of violence on June 23, 2010, in violation of 18 U.S.C. § 924(c). This incident occurred as a result of the defendant robbing his drug supplier on June 23, 2010, and killing a person as a result of the robbery. The defendant's § 924(c) charge in Count 5 was based upon his charge in Count 4 for a Hobbs Act robbery and was under the force clause of § 924(c)(3)(A), not part (B). Thus, neither *Davis* or *Simms* is applicable.

The government also points out that because the § 924(c) conviction was based upon both a Hobbs Act robbery (Count 4) and a drug trafficking crime (Count 7), either of which would support the § 924(c) conviction.

The government filed its last supplemental brief (ECF No. 206) on September 23, 2019, replying to the defendant's two supplemental briefs (ECF Nos. 204, 205). The government notes that in those two briefs, the defendant reasserts arguments previously made and addressed by the government. The government suggests that other arguments are now procedurally barred as the defendant failed to raise these arguments at sentencing or on appeal.

The government contends that the defendant's reliance on *Johnson*, *Davis,* or *Simms* is misplaced. The government also notes that "aiding and abetting" a crime has a broader application than a conspiracy as a defendant is deemed to be a principal actor because he consciously shares in any criminal act whether or not there is a conspiracy. *Nye & Nissen, A Corporation, et al. v. United States*, 336 U.S. 613, 620, 69 S. Ct. 766 (1949). A defendant is guilty of aiding and abetting a crime if he has knowingly associated himself with and participated in the criminal venture. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). "An active participant in a ... transaction has the intent needed to aid and abet a § 924(c) violation when he knows [in advance] that one of his confederates will carry a gun." *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240, 1249 (2014). At least two Circuits have held that aiding and abetting Hobbs Act robbery is a crime of violence. *United States v. Richardson*, 966 F.3d 417 (6th Cir. 2018), *United States v. Colon*, 826 F.3d 1301 (11th Cir. 2016). *See also Hendrickson v. Kizziah*, No. 18-316, 2019 U.S. Dist. WL 2271123 (E.D. Ky May 28, 2019).

V.     CONCLUSION

The defendant's drug trafficking crime charged in Count 7 serves as a valid basis for the § 924(c) violation charged in Count 5. The defendant's Hobbs Act robbery charged in Count 4 serves as a valid basis for the § 924(c) violation of Count 5. The decisions in *Simms*, *Davis*, and *Johnson* do not alter the conclusion that Count 5 is predicated on a valid drug trafficking crime or crime of violence under the force clause of § 924(c)(3)(A).

The claims made by the defendant regarding *Apprendi* are procedurally barred and without merit.

Accordingly, the government's motion to dismiss is granted (ECF No. 179) and the defendant's § 2255 motions and amendments (ECF Nos. 173, 204) are dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

October 11, 2019
Columbia, South Carolina

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2018). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."